19-4245
Lin v. Garland

BIA
A097 129 351

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of January, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

XIANG LIN,
> *Petitioner*,

> v.                                                                      **19-4245**
>                                                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**          Raymond Lo, Esq., Jersey City, NJ.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant
                             Attorney General; Shelley R. Goad, Assistant
                             Director; Julia J. Tyler, Trial Attorney, Office
                             of Immigration Litigation, United States
                             Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Lin, a native and citizen of the People's Republic of China, seeks review of a November 20, 2019 decision of the BIA denying her motion for reconsideration of her order of removal or, in the alternative, to reopen her removal proceedings. *In re Xiang Lin*, No. A097 129 351 (B.I.A. Nov. 20, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The sole argument raised by Lin before this court is that the immigration judge, and the BIA, never had jurisdiction to issue a removal order in the first place. Specifically, Lin argues that because her February 20, 2003 Notice to Appear did not specify a date or time for her removal hearing, it was insufficient to vest jurisdiction with the Immigration Court and the BIA should have reopened

2

and terminated her removal proceedings.  Petitioner's Brief at 9 (citing *Pereira v. Sessions*, --- U.S. ---- , 138 S. Ct. 2105 (2018)).  But *Pereira* addressed a narrow question regarding the stop-time rule, not jurisdiction.  And in addressing this same argument, we have held that "a [Notice to Appear] that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."  *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019), *cert. denied sub nom. Gomez v. Barr*, --- U.S. ---- , 140 S. Ct. 954, 206 L. Ed. 2d 119 (2020).  Just a few months ago, we reaffirmed that "the jurisdictional holding of *Banegas Gomez* remains good law" after *Niz-Chavez v. Garland*, --- U.S. ---- , 141 S. Ct. 1474, 209 L.Ed.2d 433 (2021).  *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021).  Although Lin's February 20, 2003 notice to appear did not specify the date and time of her initial hearing, the Immigration Court mailed her a February 24, 2003 notice of hearing that contained the date, time, and address of the proceeding.  Thus, the Immigration Court did not lack jurisdiction on account of a deficient notice to Lin.  *See Banegas Gomez*, 922 F.3d at 112; *Chery*, 16 F.4th at 987.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court